UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MICHAEL NEKTALOV and
MIRYEM YUSHANAYEV,

                *Plaintiffs,*

– against –

JETBLUE AIRWAYS CORPORATION,

                *Defendant.*

**MEMORANDUM & ORDER**
24-cv-00600 (NCM) (TAM)

---

**NATASHA C. MERLE**, United States District Judge:

Plaintiffs Michael Nektalov and Miryem Yushanayev bring this action against JetBlue Airways Corporation ("JetBlue"), alleging that JetBlue discriminated against them based on their Jewish identities. Defendant moves to dismiss the complaint in its entirety.[1] For the reasons stated below, defendant's motion to dismiss is **GRANTED**.

## BACKGROUND

On February 4, 2021, plaintiffs were passengers on a JetBlue flight from Aruba to John F. Kennedy International Airport ("JFK"). Compl. ¶ 11. Plaintiffs, who "are [O]rthodox Jews," were dressed according to the customs of their religious community: Nektalov wore a long beard and a yarmulke under a fedora, and Yushanayev wore a head covering and "dressed modestly." Compl. ¶ 12. During their trip, plaintiffs also occasionally spoke in Hebrew. Compl. ¶ 12.

---

[1] Hereinafter, the Court refers to Defendant's Memorandum in Support of Motion to Dismiss, ECF No. 15, as the "Motion," Plaintiffs' Memorandum in Opposition, ECF No. 16, as the "Opposition," and Defendant's Reply in Support, ECF No. 17, as the "Reply."

1

Upon boarding the plane, plaintiffs allege that two flight attendants "were giving [them] disdainful and dirty looks . . . for quite some time." Compl. ¶ 12. After initially preparing to take off, the plane taxied back to the gate. Compl. ¶ 12. When Yushanayev asked one of the flight attendants why the plane was returning, she was allegedly informed, "oh, your [required protective] mask slipped off your nose." Compl. ¶ 12. The plane arrived at the gate, at which point a separate JetBlue employee informed plaintiffs that Yushanayev was being removed from the plane for failure to wear a mask. Compl. ¶ 12. A father and daughter, who were intermittently speaking Russian and identified themselves as Jewish, were also told to deplane. Compl. ¶ 12. Plaintiffs allege that the JetBlue employee "erroneously lumped us all together as disruptive Jews." Compl. ¶ 12.

A month later, plaintiffs each received a letter from JetBlue that informed plaintiffs that they were "no longer welcome as a customer aboard JetBlue." Compl. ¶ 33.

Plaintiffs allege that the JetBlue employees discriminated against them on the basis of "religion, race, ancestry, and ethnic characteristics" due to being Jewish. Compl. ¶ 20. Plaintiffs further allege that their Jewish identities were apparent due to dress and language, and resulted in discrimination that caused plaintiffs numerous expenses, "humiliation, embarrassment, and emotional distress." Compl. ¶¶ 12–15. Along with their federal discrimination claims, plaintiffs also bring state law negligence and intentional infliction of emotional distress claims. *See generally* Compl.

## STANDARD OF REVIEW

To avoid dismissal for failure to state a claim under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."[2] *Bell Atl.*

---

[2] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A court construes a complaint "liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021). Although all factual allegations contained in the complaint are assumed to be true, this rule does not apply "to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

I. Plaintiffs' Claims Are Preempted by the Montreal Convention

Defendant argues that the Montreal Convention applies to plaintiffs' claims. The Court agrees. Therefore, plaintiffs' claims must be dismissed.

The Convention for the Unification of Certain Rules for International Carriage by Air (the "Montreal Convention" or "Convention") is an international treaty and successor to the Warsaw Convention. *See* Convention, pmbl. The Montreal Convention seeks to "modernize and consolidate" existing law and create a "collective State action for further harmonization and codification of certain rules governing international carriage by air." Convention, pmbl. The Montreal Convention applies to all commercial international

travel by aircraft of people, baggage, and cargo between State Parties to the Convention.[3] Convention, art. 1.

In lawsuits, the Montreal Convention has two primary functions: (1) supplying causes of action and (2) preemption. *See* Convention arts. 17–19, 29. Since plaintiffs do not plead any causes of action under the Convention, the Court focuses on preemption.

Courts may rely on case law interpreting the Warsaw Convention for provisions that are substantively similar between it and the Montreal Convention. *Cohen v. Am. Airlines, Inc.*, 13 F.4th 240, 245 (2d Cir. 2021). Article 29 is one such substantively similar provision. *See id.* As found in the Warsaw Convention context, Article 29 provides that the Montreal Convention preempts a claim arising under federal, state, or local law if the

---

[3]     Defendant maintains that Aruba is a signatory to the Montreal Convention. Mot. at 4 n.1. Plaintiff does not contest Aruba's status. *See generally* Opp'n. Although the United States is a signatory, the Court finds no record of Aruba as a signatory at defendant's cited reference, nor any reference to Aruba throughout the list of signatories. *See Current Lists of Parties to Multilateral Air Law Treaties: Convention for the Unification of Certain Rules for International Carriage by Air* 6 n. 14, INT'L CIV. AVIATION ORG., https://www.icao.int/secretariat/legal/List%20of%20Parties/Mtl99_EN.pdf [https://perma.cc/D6M3-U2G8] (noting Kingdom of Netherlands ratified for "the Kingdom in Europe" and later "the Caribbean part of the Netherlands (the islands of Bonaire, Sint Eustatius and Saba)" without mention of Aruba).
       However, the Montreal Convention explicitly notes it applies to places "within the territories of two States Parties," Convention, art. 1(2), and Aruba is within the territory of the Kingdom of Netherlands. *What are the different parts of the Kingdom of the Netherlands*, GOV'T NETH., https://www.government.nl/topics/caribbean-parts-of-the-kingdom/question-and-answer/what-are-the-different-parts-of-the-kingdom-of-the-netherlands [https://perma.cc/5VGW-ES6R]. Further, courts have applied the Montreal Convention to Aruba. *See, e.g., Calautti v. Mass. Port Auth.*, No. 22-cv-10930, 2022 WL 10480172, at *4 (D. Mass. Oct. 18, 2022); *Constantino v. Cont'l Airlines, Inc.*, No. 13-cv-01770, 2014 WL 2587526, at *2 (D.N.J. June 9, 2014). Moreover, the Kingdom of Netherlands signed the Warsaw Convention on Aruba's behalf. *Status of the Netherlands with Regard to International Air Law Instruments* 5 n.4, INT'L CIV. AVIATION ORG., https://www.icao.int/secretariat/legal/Status%20of%20individual%20States/netherlands_en.pdf [https://perma.cc/HE4D-ZEAG]. Given the above and the Montreal Convention's replacement of the Warsaw Convention for signing parties, the Court analyzes plaintiffs' claims under the combined Warsaw/Montreal Convention case law.

claim falls within the Convention's substantive scope. *See El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 176 (1999). Non-convention claims fall within the Convention's substantive scope if the *when* and *where* of the alleged conduct align with the Convention's provisions. *See King v. Am. Airlines, Inc.*, 284 F.3d 352, 360 (2d Cir. 2002). More specifically, a passenger's claim for injury during international travel is within the Convention's substantive scope, and is thus preempted, if those allegations occured onboard an aircraft or during embarking or disembarking. *Id.* at 360–61. Such claims must therefore be brought under the Convention or not at all. *Id.* at 357.

Plaintiffs argue that the Montreal Convention does not preempt their claims because it does not apply to intentional conduct. Opp'n at 5. This argument is without merit. A claim for an injury to a passenger is preempted by the Montreal Convention "as long as the harm was sustained in the course" of entering, leaving, or being on an aircraft. *King*, 284 F.3d at 360. Thus, as stated above, even though plaintiffs may not have a cause of action under the Convention, they are prohibited from circumventing its restrictions by bringing a suit under local law. *Id.* at 359. This includes their claims for intentional discrimination. Those claims too, are preempted by the Convention even where they do not satisfy the requirements set forth in the Convention's causes of action. *Id.* at 360–61; *see Cohen*, 13 F.4th at 246. For example, Article 17, which provides for carrier liability for "death or bodily injury of a passenger" caused by an "accident" on board an aircraft or during embarking or disembarking, Convention, art. 17, has been found to preempt intentional discrimination claims even though those claims would be barred under Article 17 since they are intentional and generally involve psychological and not physical harm, *see King,* 284 F.3d at 359.

5

Furthermore, contrary to plaintiffs' argument, Article 30(3) of the Convention does not indicate that an exception to the application of the Convention is warranted here. Specifically, plaintiffs argue that Article 30(3) provides sweeping exclusion for any claims alleging willful misconduct. Opp'n at 5–7. However, this argument is without merit since plaintiffs have not named any servant or agent in this suit. *See* Convention, art. 30. Article 30 extends the "conditions and limits of liability" to servants and agents of carriers pursuant to the Convention if they were acting within the scope of their employment. Convention, art. 30. Article 30(3) merely precludes servants and agents from benefitting from this coverage if those agents intentionally or recklessly caused damage. Convention, art. 30. Therefore, contrary to plaintiffs' assertion, Article 30(3) does not provide wholesale preemption exemption for intentional claims. Because only JetBlue is named in this action, the Court need not address questions of individual liability under Article 30.

Plaintiffs also raise a policy argument to support their claims against defendant. Specifically, they argue that airlines should not be permitted to impinge on civil rights with impunity, avoiding liability for discrimination by the application of the Montreal Convention. Opp'n at 9. However, this precise argument was already rejected in *King*, 284 F.3d at 362, and discrimination claims are regularly preempted due to the conventions' authority over such claims. *See, e.g.*, *Berlin v. JetBlue Airways Corp.*, 436 F. Supp. 3d 550, 561 (E.D.N.Y. 2020) (holding that amendment was futile for plaintiff's Section 1983 claim because it was preempted by the Montreal Convention); *Alam v. Am. Airlines Grp., Inc.*, 16-cv-00251, 2017 WL 1048073, at *4 (E.D.N.Y. Mar. 17, 2017) (finding federal and state discrimination claims were preempted by Montreal

6

Convention); *Dogbe v. Delta Air Lines, Inc.*, 969 F. Supp. 2d 261, 274–75 (E.D.N.Y. 2013) (finding Section 1983 claims preempted by the Warsaw and Montreal Conventions).

Further, plaintiffs' policy argument is unavailing because they failed to bring a timely claim against the appropriate parties. Had plaintiffs raised a claim under the Montreal Convention within the allotted time frame against JetBlue employees, Article 30(3) might have provided an avenue forward for their intentional claims. *See,* Convention, arts. 30, 35. That is not the case here. Moreover, the convention's preemptive effect, including as applied to civil rights claims, is the result of international negotiations and a system that favors uniformity. *See* Convention, prmbl.; *Tseng*, 525 U.S. at 169–70. Plaintiffs' concerns of any broader consequences that preemption has on civil rights claims is a matter of international relations and, to the extent it can be addressed by the judiciary, is governed by the controlling precedent noted above.

For the reasons stated above, plaintiffs' claims are preempted by the Montreal Convention and are dismissed.

    II.    <u>Plaintiffs' Claims are Untimely and Amendment of Their Complaint Would be Futile</u>

The Court also considers whether amendment to plead under the Montreal Convention would save plaintiffs' claims, but finds that amendment would be futile. In addition to plaintiff's claims being preempted under the Montreal Convention, they are untimely.

Article 35 of the Montreal Convention provides that "[t]he right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of the arrival at the destination, or from the date on which the aircraft ought to

7

have arrived, or from the date on which the carriage stopped." Convention, art. 35; *see Cohen,* 13 F.4th at 246 (applying Montreal Convention time limitations to claim for intentional conduct). Furthermore, the Warsaw Convention likewise has a two-year limitation. *King,* 284 F.3d at 356, 362 (affirming dismissal of discrimination claims as untimely under two-year Warsaw Convention limitation). Plaintiffs allege conduct that occurred in February 2021. Compl. ¶ 11. However, this action did not commence until January 2024, nearly one year after the time to file had been extinguished. *See* Compl. at 1.

Although plaintiffs assert that the Court should apply equitable tolling, Opp'n at 13, they provide no support for this assertion. The time limitations of Article 35 are conditions precedent to suit and not subject to tolling. *See, e.g., Ireland v. AMR Corp.*, 20 F. Supp. 3d 341, 345 (E.D.N.Y. 2014) (recognizing drafters rejected tolling provision and collecting cases holding that limitation is not subject to tolling); *Rodriguez v. Norwegian Air Shuttle ASA*, 688 F. Supp. 3d 73, 80 (S.D.N.Y. 2023) (highlighting that Convention's purpose of uniformity runs counter to equitable tolling). In an attempt to bolster their plea, plaintiffs argue that JetBlue was deceptive in "falsely accus[ing] Mrs. Yushanayev of not wearing a mask," seemingly alleging fraud to justify equitable tolling. Opp'n at 14. However, this statement is conclusory, *see Iqbal*, 556 U.S. at 678, and the argument fails to address the aforementioned case law that finds equitable tolling inappropriate under the Convention.

Since equitable tolling does not apply and plaintiffs brought this action after the Convention's time limitation, their claims are dismissed without leave to amend.

## CONCLUSION

For the reasons stated above, JetBlue's motion to dismiss plaintiffs' complaint in its entirety is **GRANTED** and plaintiff's claims are dismissed with prejudice. The Clerk of the Court is respectfully directed to enter judgment and close the case.

**SO ORDERED.**

                                                                   */s/ Natasha C. Merle*
                                                                 NATASHA C. MERLE
                                                                 United States District Judge

Dated:       October 17, 2024
                Brooklyn, New York